## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 1622 | **DATE** | 3/22/2001 |
| **CASE TITLE** | UNITED STATES OF AMERICA vs. MEDCO PHYSICIANS UNLIMITED, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Plaintiff's motion for partial summary judgment is denied in part and granted in part [95-1].

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR 2 6 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | 109 |
| | Mail AO 450 form. | | IS docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| CG courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. ) No. 98 C 1622
)
MEDCO PHYSICIANS UNLIMITED, ) Judge Ronald A. Guzman
ANWAR YAMINI and UNITED )
TRANSPORTATION COMPANY, )
)
Defendants. )

MAR 2 6 2001

## MEMORANDUM OPINION AND ORDER

Pending is Plaintiff, the United States of America's motion for partial summary judgment against Defendant, Anwar Yamini, pursuant to Fed. R. Civ. Proc. 56. For the reasons set forth below, Plaintiff's motion for partial summary judgment is denied in part and granted in part (#95-1).

## FACTUAL BACKGROUND

Plaintiff, United States of America has filed a complaint against Defendants, Medco Physicians Limited ("Medco"), United Transportation Company ("United Transportation"), and Anwar Yamini ("Yamini"), alleging that Defendants filed false claims for payment by Medicare. Plaintiff alleges violations of the False Claims Act ("FCA"), 31 U.S.C. § 3729, et seq. and common law theories of fraud.

In 1994, the United States Department of Health and Human Services ("HHS") approved Medco to operate as a community mental health center ("CMHC"). CMHC's have been created

1



to provide partial hospitalization services, particularly psychiatric services and therapy to patients who need treatment but who do not require inpatient hospital care. In order for a patient to be admitted to a CMHC, or any form of partial hospitalization, a psychiatrist or physician who has been trained in the diagnosis and treatment of psychiatric illness, must admit and certify that the patient needs such care.

In order for CMHC to admit an eligible patient and to bill Medicare for the treatment rendered, there must be a reasonable expectation of improvement in the patient's disorder and level of functioning as a result of the active treatment provided by the CMHC. Active treatment means that the health care professionals who are treating the patients must directly address the presenting problems which required the patients to be admitted to the CMHC. The dysfunction that required the patient to be admitted must be of an acute nature and not a chronic circumstance. Partial hospitalization services offered at CMHC's differ from adult daycare programs in that the latter primarily offer social, recreational or diversional activities, and/or custodial or respite care. While services provided by adult daycare programs are important, those services are not covered by Medicare.

In this case, Plaintiff alleges that although Medco was approved to operate as a CMHC, it, through Yamini, in fact provided day care services to the patients who attended its programs in 1994. On March 15, 2000, this court granted partial summary judgment to the Plaintiff against Medco and United Transportation. Plaintiff now moves for summary judgment against Yamini in his individual capacity for the false claims submitted in the 1994 report. These claims include: 1) Medco failed to maintain sufficient financial records to substantiate the costs it submitted on its 1995 cost report, 2) Yamini falsely included expenses for meals and transportation as covered

2

costs under the Medicare Program, and 3) Yamini falsely represented in Medco's 1994 cost report that Medco did not transact business with related parties.

## JURISDICTION

This Court has jurisdiction over this case pursuant to the False Claims Act, 31 U.S.C. §§ 3730 (a) and 3732, and under common law theories of liability pursuant to 28 U.S.C. §§ 1331 and 1345.

## SUMMARY JUDGMENT STANDARD

A movant is entitled to summary judgment under Rule 56 when the moving papers including affidavits and other admissible evidence in the record show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. Proc. 56(c); *Celotex Corp v. Cartrett*, 477 U.S. 317, 322, 106 S.Ct. 7548, 91 L.Ed.2d 265 (1986); *Unterreiner v. Volkswagen of America, Inc.*, 8 F. 3d 1206, 1209 (7th Cir. 1993). The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion. *Fischer v. Transco Services-Milwaukee, Inc.*, 979 F.2d 1239 (7th Cir. 1992).

## DISCUSSION

Plaintiff alleges that Yamini is individually liable for violating the FCA because he submitted a false cost report for fiscal year 1994. The FCA allows the government to recover treble damages from those making false claims or submitting false information in support of those claims. 31 U.S.C. § 3729. In addition, the United States is entitled to a $5,000-$10,000 penalty for each fraudulent submission regardless of actual damage. 31 U.S.C. § 3729 et seq.

In order to succeed on a FCA claim, the Plaintiff must establish that Yamini "knowingly

3

present[ed] or cause[d] to be presented" a "false or fraudulent claim for payment or approval" to the United States government. 31 U.S.C. § 3729 (a)(1). The term "knowingly" means that a person has actual knowledge of the information, or acts in deliberate ignorance or reckless disregard of the truth or falsity of the information. 31 U.S.C. § 3729 (b). Innocent mistakes or mere negligence are not actionable. *Hindo v. Univ. of Health Sciences/The Chicago Medical School*, 65 F. 3d 608, 613 (7th Cir. 1995), cert. denied, 516 U.S. 1114, 116 S. Ct. 915, 133 L.Ed. 2d 846 (1996). "The requisite intent is the knowing presentation of what is known to be false." *Id.*

Plaintiff alleges Yamini submitted Medco's 1994 cost report "knowing" that it contained false claims and representations. Plaintiff relies on three arguments to support this allegation. First, Plaintiff argues that Yamini failed to maintain sufficient financial records to substantiate the costs in the 1994 report. Second, Yamini falsely included expenses for meals and transportation costs in the 1994 report. Finally, Plaintiff maintains Yamini falsely indicated that Medco did not transact business with related parties.

## FAILURE TO MAINTAIN FINANCIAL RECORDS

Plaintiff first argues that Yamini failed to maintain sufficient financial records to substantiate the costs submitted in the 1994 report. The Plaintiff contends that providers are required to maintain sufficient financial records and statistical data for proper determination of costs under the Medicare program. 42 C.F.R. §§ 413.20(a)-(d) and 413.24(c). Plaintiff claims that Yamini failed to comply with these regulations, as he maintained neither a detailed general ledger nor a trial balance to support Medco's expenses for fiscal year ending 1994. Plaintiff points out that Medicare Health Care Service Corporation's ("HCSC") auditors were forced to go

4

through Medco's check registers to actually create a trial balance.

Yamini claims that he retained Lee Harold Dillon as a consultant to resolve the problems Medco was having in preparing its cost report. Yamini argues that in an interview with an investigator from the U.S. Department of Health and Human Services, Dillon stated that when he was retained, Medco's existing general ledger was all messed up and that someone had rebuilt it. Therefore, Yamini contends that it is not possible for the HCSC auditors to deny that Medco had a ledger when the audit was performed in light of the undisputed fact that Dillon had been retained and helped complete both the third and fourth submitted cost reports.

Taking the facts in a light most favorable to Yamini, it appears that once Yamini realized he was unable to satisfy the reporting requirements of Medicare he did in fact hire an independent consultant/accountant to resolve the problems Medco was having in filing it's cost reports. Because Yamini has raised genuine issues of material fact as to whether he "knowingly" failed to maintain financial records, summary judgment must be denied on this first ground.

## MEALS AND TRANSPORTATION COSTS

Next, Plaintiff contends that Yamini falsely included expenses for meals and transportation costs in Medco's 1994 cost report. Plaintiff claims that Medicare does not pay for such expenses. 42 U.S.C. § 1395x(ff)(2)(I). In our earlier opinion, summary judgment was granted in favor of the Plaintiff against Medco as to these expenses. Plaintiff now argues that Yamini should be held individually liable for these costs because he "knowingly" submitted such. To find Yamini liable, he must have had actual knowledge that the claim he submitted was false, or have acted in deliberate ignorance or reckless disregard of the truth or falsity of the claim he submitted. 31 U.S.C. § 3729 (b). Taking the evidence in the light most favorable to

5

Yamini, the evidence shows that Yamini made an attachment to Medco's final 1994 cost report. (See Yamini's Exhibit 3). The attachment is introduced by Yamini just above his signature certifying that to the best of his knowledge the report he is submitting is true and correct, except as noted. Yamini's addendum states:

> MEDCO-PHYSICIANS UNLIMITED, INC.
> PROVIDER NUMBER 14-4610
>
> ATTACHMENT TO SCHEDULES S HCFA - 2088
>
> THE PROVIDER RECOGNIZES THAT THE FORM HAS A LINE NUMBER 61 ON WORKSHEET A - LABELED TRANSPORTATION AND MEALS. THE LINE HAS NO DESCRIPTION OF THE COSTS THAT SHOULD BE INCLUDED IN THE LINE.
>
> THE COST CENTER IS CATEGORIZED AS NON-REIMBURSABLE.
>
> IT IS THE PROVIDERS BELIEF THAT THIS FORM ADOPTED IN DECEMBER, 1992 DOES NOT CONFORM WITH REGULATIONS ISSUED IN FEBRUARY, 1994.
>
> THE PROVIDER IS AWARE OF SEVERAL CASES WHERE THE PROVIDER COULD NOT WIN AN APPEAL WHERE THE COSTS CLAIMED ON APPEAL WERE "SELF DISALLOWED" BY THE PROVIDER.
>
> THE PROVIDER HAS DECIDED TO PRESERVE ITS APPEAL RIGHT BY CLAIMING THESE COSTS CONTRARY TO A LINE DESCRIPTION IN THE COST REPORT. THEREFORE, THE COSTS THE PROVIDER INCURRED FOR THE AREAS HAVE BEEN CLAIMED AS REIMBURSABLE OVERHEAD EXPENSES IN THE COST REPORT. THE APPLICABLE DOLLAR AMOUNTS ARE SET FORTH IN THE TRIAL BALANCE OF EXPENSES.

We find the attachment upon which Yamini relies, insufficient to create a genuine issue of fact as to Yamini's knowledge that the costs were not reimbursable. First, Yamini acknowledges that meals and transportation costs are non-reimbursable costs per the report. Second, in the

addendum he submitted, he stated that the cost report form does not conform with new 1994 regulations; yet Yamini fails to cite to any regulations in 1994 which contradict the non-reimbursability of these costs. Furthermore, Yamini did not include meals and transportation as reimbursable expenses on the third cost report he submitted. When he included them on the fourth report that he submitted, HCSC auditors advised him that the problem with the fourth cost report was that it included meals and transportation as allowable expenses, when those were non-reimbursable costs. The fifth cost report then included meals and transportation as allowable expenses, when Yamini knew that they were non-reimbursable expenses. Given all of the underlying circumstances Yamini's reliance on this self-serving attachment is insufficient to raise a question of material fact as to his knowledge that these costs were non-reimbursable. Therefore, summary judgment is granted in Plaintiff's favor as to Yamini's individual liability..

**YAMINI KNOWINGLY TRANSACTED BUSINESS WITH A RELATED PARTY**

Plaintiff's final argument contends Yamini falsely indicated that Medco did not transact business with related parties. Plaintiff maintains that reimbursement for services provided by related parties and/or organizations is limited by Medicare. *Hinsdale Hosp. Corp. v. Shalala*, 50 F.3d 1395, 1400 (7th Cir. 1995). "Related to the provider means that the provider to a significant extent is associated or affiliated with or has control of or is controlled by the organization furnishing the services, facilities, or supplies." 42 C.F.R. § 413.17 (b)(2).

It is uncontested that Yamini indicated, in Medco's 1994 cost report, that none of the costs listed in the report resulted from transactions with a related organization as defined in HCFA Pub. 15-I, chapter 10. Plaintiff contends that because Yamini, as the sole owner of Medco, did business with several members of his family, he engaged in business with related parties.

7

Accordingly, Plaintiff alleges that Yamini knowingly made a false claim on Medco's 1994 cost report.

Yamini, however, relies on the definition found in 42 C.F.R. § 413.17 (b)(2), and argues that a familial relationship is not synonymous with a related party. Yamini also maintains that there has been no evidence presented to indicate that either Medco or Yamini were to any significant extent associated or affiliated with Larry-Faisal Catering or United Transportation. Yamini's arguments is insufficient to create a genuine issue of material fact to preclude summary judgment. First, in our earlier opinion, it was concluded by the court that the entities where in fact related. It is undisputed that Larry-Faisal Catering and United Transportation are owned and operated by Yamini's brother, Faisal. Second, Yamini's brother, the Owner of Larry-Faisal Catering and United Transportation, is also the Vice President and a Board Member of Medco. Furthermore, Yamini completely disregarded the remaining language set forth on the page of the cost report regarding related organizations. In reviewing the cost report it is undisputed that the report asks the provider to use symbols A through G to indicate interrelationships to related organizations. A through G explain the different interrelationships which constitute related parties. These reports explains in part : **(A)** Individual has financial interest (stockholder, partner, etc.) in both related organization and in provider. **(B)** Corporation, partnership or other organization has financial interest in provider. **(C)** Provider has financial interest in corporation, partnership, or other organization. **(D)** Director, officer, administrator or key person of provider and related organization. **(E)** Individual is director, officer, administrator or key person of provider and related organization. **(F)** Director, officer, administrator or key person of related organization or relative of such person has financial interest in provider. **(G)** Other (financial or

8

non-financial) specify. The criteria set forth in A-G clearly applied to Medco's relationship with Faisal Catering and for Yamini to answer no to these clear cut questions can only be concluded to constitute reckless disregard or deliberate ignorance of the truth or falsity of the information pursuant to 31 U.S.C. §3729(b). Hence, partial summary judgment is granted in Plaintiff's favor as to Yamini's individually liability for failing to disclose the relationship with Faisal Catering.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for partial summary judgment is granted in part and denied in part (#95-1).

SO ORDERED

ENTERED: 3/22/07

*Ronald A. Guzman*

**HON. RONALD A. GUZMAN**
**United States Judge**